IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THORCO, INC.,<br><br>　　　　Debtor.<br><br>―――――――――――――――――<br><br>DENNIS THORNTON,<br><br>　　　　Plaintiff-Appellant,<br><br>vs.<br><br>CHRISTY L. BRANDON, a Chapter 7 Trustee for THORCO, INC., and BRETT CAHOON, United States Trustee,<br><br>　　　　Defendant-Appellees. | CV 25–78–M–DWM<br><br><br>ORDER |

　　On June 6, 2025, Plaintiff-Appellant Dennis Thornton filed a notice of appeal and statement of election appealing an order denying his two motions to dismiss in a Chapter 7 bankruptcy proceeding. (Doc. 1; 9:22-bk-90119-WLH (Bnkr. D. Mont. 2022), (Docs. 512 (Motion to Dismiss), 544 (Motion to Dismiss), 563 (Order)).)[1] This is Thornton's third appeal from this bankruptcy proceeding.

―――――――――――――――――
[1] The underlying bankruptcy proceeding are cited as: Bnkr. [Docket No.].

1

Thornton's first appeal was recently dismissed, and monetary sanctions were imposed against him for the frivolousness of his appeal. (Doc. 61, *Thornton v. Whitefish Credit Union*, CV 24-78-M-DWM (finding Thornton's conduct to constitute abusive litigation).) In this case, Appellee John V. Anderson, the Acting United States Trustee ("Appellee United States Trustee") and Appellees Whitefish Credit Union, MO Somers, LLC, Ruis Glacier, LLC, and Neal Bouma, defendants in the adversary proceeding (collectively, "Appellees") both move to dismiss the appeal. (Docs. 5, 12.) Those motions are granted.

## BACKGROUND

Because a complete background of the underlying bankruptcy proceeding is provided in the Court's August 12, 2025 Order in a related appeal, (Doc. 61, *Thornton v. Whitefish Credit Union*, CV 24-78-M-DWM), it is not restated here.

## ANALYSIS

A district court "shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). The order appealed here, (Bnkr. Doc. 563 (the "Order")), is an interlocutory order. *In re Sherman*, 491 F.3d 948, 967 n.24 (9th Cir. 2007) ("A decision to *deny* a motion to dismiss . . . is an interlocutory order." (emphasis added)). Thus, the Order may not be appealed as a matter of right pursuant to Section 158(a)(1). A district court only has jurisdiction to hear appeals from interlocutory orders "with leave of the [bankruptcy] court."

2

28 U.S.C. § 158(a)(3). Consistently, Rule 8004 of the Federal Rules of Bankruptcy Procedure requires that an appeal under Section 158(a)(3) of a bankruptcy court's interlocutory order "be accompanied by a motion for leave to appeal." Fed. R. Bnkr. P. 8004(a)(2). The Notice of Appeal here was not accompanied by a motion for leave to appeal. (Doc. 1.) Given this failure to file a motion for leave to appeal, a district court may either "treat the notice of appeal as a motion for leave to appeal and grant or deny it." Fed. R. Bnkr. P. 8004(d)(1). Thornton's Notice of Appeal is treated as a motion for leave to appeal, and it is denied.

Appellee United States Trustee and Appellees are correct that the standard for accepting an appeal from an interlocutory order is not met here. In general, leave to appeal an interlocutory order should only be granted in "exceptional circumstances[,]" and the burden is on the appellant to demonstrate that such "circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (internal quotation marks omitted). Such leave is appropriate where: (1) there is a controlling question of law; (2) as to which a substantial ground for a difference of opinion exists; and (3) an immediate appeal could materially advance the ultimate termination of the litigation. *In re Palmer*, 2024 WL 4799920, at *4 (9th Cir. BAP

2024) (citing *Arizona v. Ideal Basic Indus. (In re Cement Antitr. Litig)*, 673 F.2d 1020, 1026 (9th Cir. 1981)).

Here, the proposed appeal fails all three requirements. In his statement of issues, Thornton asserts three issues:

(1) Whether the Bankruptcy Court erred in denying Dennis Thornton's motion to dismiss the bankruptcy case for lack of subject matter jurisdiction.

(2) Whether the Bankruptcy Court erred in failing to grant dismissal based on improper filing or abuse of process.

(3) Whether due process rights were violated in the denial of the dismissal motions.

(Doc. 1 at 10.)

As to the first issue, Thornton merely argues that he "seeks dismissal on jurisdictional and legal grounds—the kind of dispositive legal questions that warrant appellate review." (Doc. 6 at 4.) His motion to dismiss in the bankruptcy case asserts that because Thorco "was unrepresented by legal counsel[,]" "all actions taken after October 16, 2023 are void" for lack of subject matter jurisdiction. (Bnkr. Doc. 544.) Appellee United States Trustee correctly argues that Thornton's jurisdiction argument is "not a question as to whether there are grounds for difference of opinion." (Doc. 12 at 10.) Indeed, it is undisputed that Thorco was properly represented by licensed counsel when it commenced the underlying proceeding by filing a Chapter 11 petition on July 29, 2022, (Doc. 1),

4

which created a bankruptcy estate under 11 U.S.C. § 541 that is separate from the debtor, thus the Bankruptcy Court had jurisdiction over this matter from that time onwards pursuant to 28 U.S.C. § 1334(e),[2] and Thorco proceeded as a Chapter 11 debtor in possession. Thus, this issue does not present a controlling question of law to which there is a substantial ground for difference of opinion.

As to the second and third issues stated, Thornton argues that leave for interlocutory appeal is warranted because the Bankruptcy Court did not issue written findings or findings of fact and conclusions of law, and a transcript of the hearing is not accessible to him. (Doc. 6 at 2.) However, the Bankruptcy Court held a motions hearing on May 28, 2025, heard argument from the parties, and recited its reasons for denying Thornton's motions on the record. (Docs. 562, 563, 564.) The audio file of the hearing was entered in the docket. (Doc. 564.) Because written findings and findings of fact and conclusions of law are not required, Fed. R. Bnkr. P. 7052,[3] and the "official record of a hearing" in the form of "a transcript must be ordered using the appropriate procedure[,]" D. Mont. Bnkr.

---

[2] "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e).

[3] Rule 7052 states that Rule 52 of the Federal Rules of Civil Procedure applies to adversary proceedings. Rule 52 states that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56." Fed. R. Civ. P. 52(a)(3).

L.R. 5077-1, these issues do not present a controlling question of law to which there is a substantial ground for difference of opinion.

Lastly, Thornton does not demonstrate that judicial economy would be served by granting him leave to appeal. Indeed, granting leave to appeal here would likely delay the conclusion of the underlying bankruptcy case. Thornton has a history of abusive litigation tactics and has been designated a vexatious litigant by the Montana Supreme Court, *Thorco, Inc. v. Whitefish Credit Union*, 492 P.3d 1228, 1230 (Mont. 2021), as well as by the Bankruptcy Court in the underlying case, (Bnkr. Doc. 509). Accordingly, leave to appeal is not warranted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the motions to dismiss, (Docs. 5, 12) are GRANTED. All other pending motions are DENIED as MOOT.[4]

DATED this 12th day of August, 2025.

_____
Donald W. Molloy, District Judge
United States District Court

---

[4] Thornton improperly objected to Appellees' statement of election. (Doc. 3.) Even is such an objection is construed as a motion, Fed. R. Bnkr. P. 8005(c); Chapter 7 Trustee Christy Brandon filed a valid statement of Election, (Doc. 4), pursuant to Rule 8005.